■ In the Matter of TOWN OF OYSTER BAY, Petitioner, v HENRY G. WILLIAMS, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents. RESIDENTS AGAINST GARBAGE EXPANSION et al., Intervenors-Respondents.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Environmental Conservation, dated July 31, 1985, which, after a hearing, denied the petitioner's application for permits to extend its landfill at Old Bethpage, New York.

Determination confirmed and proceeding dismissed on the merits, with one bill of costs.

The petitioner, the Town of Oyster Bay, owns and operates the Old Bethpage Solid Waste Disposal Complex (hereinafter the Old Bethpage Landfill) to provide for the disposal of municipal solid wastes generated within the town. The landfill's capacity is just about depleted. Although the town is scheduled to begin operations of a resource recovery facility, operations will not begin until 1988. To meet the interim need for a means of disposing of the town's waste, the town submitted applications to the New York State Department of Environmental Conservation for permits to construct and operate a 13.5-acre extension of the Old Bethpage Landfill.

Pursuant to ECL 27-0704 (3), the Commissioner is not authorized to approve any such expansion unless, *inter alia,* "no other feasible means of solid waste management is available, taking into account technological, economic and other essential factors". Here, the town bore the burden of establishing that no other feasible means of solid waste management was available *(see,* State Administrative Procedure Act § 306 [1]).

We agree with the Commissioner that the town did not carry its burden of demonstrating that off-island carting was not feasible. Evidence was presented that there were off-island landfills willing to accept the town's waste, and that other towns were successfully utilizing off-island carting. Although the cost of off-island carting would be much greater than the cost of extending the landfill, the record reveals that the town established a tax to fund the carting.

Accordingly, the Commissioner's determination is confirmed and the proceeding is dismissed. Gibbons, J. P., Thompson, Brown and Weinstein, JJ., concur.